# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

EARNEST BLEACH,

    Plaintiff,

v.

SHERIFF AL ST. LAWRENCE,

    Defendant.

Case No. CV410-156

## REPORT AND RECOMMENDATION

On September 13, 2010, the Court ordered civil rights plaintiff Earnest Bleach to show cause why his case should not be dismissed for his failure to answer truthfully a question on his civil complaint form inquiring about his prior lawsuits. (Doc. 10.) Specifically, he failed to list one prior federal court case in response to Question 1(B) on his form complaint, which asked him whether he had filed any suits in federal court while incarcerated or detained. (Doc. 1 at 2.) In his response to the show cause order, Bleach explains that the 2004 case simply slipped his mind and that he had hurriedly completed the complaint and may

have misread the question. (Doc. 11 at 1-2.) The Court accepts his explanation, but his case should still be **DISMISSED**.

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). Here, Bleach fails to state a claim for relief.

Bleach complains that the jail's staff have impeded his legal research and have failed to respond to his grievances. (Doc. 1 at 5-8.) Both claims fail as a matter of law. First, while a detainee enjoys a constitutional right to "adequate, effective, and meaningful" access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977), restrictions on

access to legal materials or training is not of constitutional significance unless the detainee can show that the interference caused him significant harm or prejudice. *See Sowell v. Vose*, 941 F.2d 32 (1st Cir. 1991) (where a prisoner's access to legal materials is restricted in some manner, but not absolutely blocked, he must demonstrate actual harm as a prerequisite to recovery); *Chandler v. Baird*, 926 F.2d 1057, 1062 (11th Cir. 1991) (plaintiff must show injury or prejudice in cases involving minor restrictions on access to legal materials). Here, Bleach complains that the law library failed to provide him adequate assistance, training, and access to certain legal materials, but he has not even suggested that he has been harmed or prejudiced by the inaction or ineptitude of the jail's library staff. Accordingly, his access to courts claim fails.

Second, jail grievance procedures are not constitutionally mandated. *Baker v. Rexroad*, 159 F. App'x 61, 61-62 (11th Cir. 2005) (state prison inmate had no liberty interest in access to prison's voluntarily established inmate grievance procedures, so corrections officials' failure to take corrective action on his administrative appeal from an adverse ruling at a disciplinary hearing could not constitute the

violation of his due process rights, thus precluding his § 1983 action against prison officials); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("there is no constitutional right to participate in grievance proceedings"); *Davis v. Ellsworth*, 2010 WL 2573812 at * 2 (M.D. Fla. June 24, 2010). Because such procedures are not mandated, they do not create a liberty interest that can give rise to a due process violation. *See Baker*, 159 F. App'x at 62. Hence, Bleach pleads no constitutional claim on that score.

Finally, even if his factual allegations were constitutionally significant, he has not named a proper defendant. Bleach has not offered any facts linking the sole defendant, Al St. Lawrence, to the charged conduct. Instead, he claims that St. Lawrence, as the sheriff, is "responsible for the conduct of his employees." (Doc. 1 at 7.) Claims brought pursuant to § 1983, however, cannot be based upon theories of vicarious liability or respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. \_\_, 129 S. Ct. 1937, 1948 (2009); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Since Bleach has not demonstrated that St. Lawrence directly participated in

the alleged constitutional deprivations or that there is some other causal connection between his acts or omissions and the alleged constitutional deprivations, his claim against St. Lawrence fails. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam).

For all of the reasons explained above, Bleach's case should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this 20th day of September, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA